FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHAWN S.,

                    Plaintiff,

   v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,[1]

                 Defendant.

NO:  1:19-CV-03058-FVS

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross motions for summary
judgment.  ECF Nos. 10 and 13.  This matter was submitted for consideration
without oral argument.  The Plaintiff is represented by Attorney D. James Tree.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security
Administration.  Accordingly, the Court substitutes Andrew M. Saul as the
Defendant and directs the Clerk to update the docket sheet.  *See* Fed. R. Civ. P.
25(d).

ORDER ~ 1

The Defendant is represented by Special Assistant United States Attorney Lisa Goldoftas.  The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 10, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 13.

### JURISDICTION

Plaintiff Shawn S.[2] protectively filed for disability insurance benefits on February 5, 2016, alleging an onset date of April 8, 2015.  Tr. 188-98.  Benefits were denied initially, Tr. 118-20, and upon reconsideration, Tr. 124-29.  Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on October 13, 2017.  Tr. 37-89.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ denied benefits, Tr. 12-32, and the Appeals Council denied review.  Tr. 1.  The matter is now before this court pursuant to 42 U.S.C. § 405(g).

### BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

Plaintiff was 36 years old at the time of the hearing.  Tr. 41.  He completed eleven grade. *See* Tr. 213.  Plaintiff lives with his wife and three children.  Tr. 42-44.  Plaintiff has work history as a telephone solicitor and a financial services specialist.  Tr. 81-83.  Plaintiff testified that due to his bipolar manic and depressive episodes, he would miss four to five days a month, and weeks at a time, if he tried to work a full-time job.  Tr. 79.

Plaintiff testified that when he gets upset he doesn't "have any control over how [he] feels or how [his] body reacts"; a "big part" of the issues he has is "getting along with others"; and he can be abrupt and unfriendly during both manic and depressive episodes.  Tr. 56, 58, 77.  He also reported that he has trouble completing tasks, concentrating, and remembering dates.  Tr. 60-62.  He has manic phases that last two to three days, on average, during which he leaves the house a lot, hyper-focuses on activities, and spends excessive amounts of money.  Tr. 61-66.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to

ORDER ~ 3

1    "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

2    citation omitted).  In determining whether the standard has been satisfied, a

3    reviewing court must consider the record as a whole rather than searching for

4    supporting evidence in isolation.  *Id.*

5        In reviewing a denial of benefits, a district court may not substitute its

6    judgment for that of the Commissioner.  If the evidence in the record "is

7    susceptible to more than one rational interpretation, [the court] must uphold the

8    ALJ's findings if they are supported by inferences reasonably drawn from the

9    record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

10   court "may not reverse an ALJ's decision on account of an error that is harmless."

11   *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate

12   nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The

13   party appealing the ALJ's decision generally bears the burden of establishing that

14   it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

15                    **FIVE-STEP EVALUATION PROCESS**

16       A claimant must satisfy two conditions to be considered "disabled" within

17   the meaning of the Social Security Act.  First, the claimant must be "unable to

18   engage in any substantial gainful activity by reason of any medically determinable

19   physical or mental impairment which can be expected to result in death or which

20   has lasted or can be expected to last for a continuous period of not less than twelve

21   months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

     "of such severity that he is not only unable to do his previous work[,] but cannot,

     ORDER ~ 4

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

1  enumerated impairments, the Commissioner must find the claimant disabled and

2  award benefits.  20 C.F.R. § 404.1520(d).

3          If the severity of the claimant's impairment does not meet or exceed the

4  severity of the enumerated impairments, the Commissioner must pause to assess

5  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

6  defined generally as the claimant's ability to perform physical and mental work

7  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

8  404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

9          At step four, the Commissioner considers whether, in view of the claimant's

10  RFC, the claimant is capable of performing work that he or she has performed in

11  the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is

12  capable of performing past relevant work, the Commissioner must find that the

13  claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

14  performing such work, the analysis proceeds to step five.

15          At step five, the Commissioner considers whether, in view of the claimant's

16  RFC, the claimant is capable of performing other work in the national economy.

17  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

18  must also consider vocational factors such as the claimant's age, education and

19  past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of

20  adjusting to other work, the Commissioner must find that the claimant is not

21  disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to

other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 8, 2015, the alleged onset date.  Tr. 18.  At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, diabetes mellitus, bipolar disorder, depressive disorder, and anxiety disorder.  Tr. 18.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 18.  The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except he is capable of engaging in unskilled, repetitive, routine tasks in two-hour increments; he can occasionally stoop, squat, crouch, crawl, kneel, and climb ramps and stairs; he is limited to no climbing of ropes, ladders, and scaffolds; he is limited to no contact with the public; he is capable of working in proximity to but not in coordination with coworkers; he is limited to occasional contact with supervisors; he would be off duty 10% of the time but still meeting the minimum production requirements of the job; and he would be absent 8 times per year with one absence during the probationary period.

Tr. 19.

ORDER ~ 7

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 25.  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: production assembler, inspector and hand packager, and electrical accessories assembler.  Tr. 26.  On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 8, 2015, through the date of the decision.  Tr. 26.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act.  ECF No. 10.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims;

2. Whether the ALJ properly weighed the medical opinion evidence;

3. Whether the ALJ properly considered the lay witness evidence; and

4. Whether the ALJ erred at step five.

## DISCUSSION

### A. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."

ORDER ~ 8

1    *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not

2    required to show that her impairment could reasonably be expected to cause the

3    severity of the symptom he has alleged; he need only show that it could reasonably

4    have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591

5    (9th Cir. 2009) (internal quotation marks omitted).

6          Second, "[i]f the claimant meets the first test and there is no evidence of

7    malingering, the ALJ can only reject the claimant's testimony about the severity of

8    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

9    rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

10    citations and quotations omitted).  "General findings are insufficient; rather, the

11    ALJ must identify what testimony is not credible and what evidence undermines

12    the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

13    Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

14    must make a credibility determination with findings sufficiently specific to permit

15    the court to conclude that the ALJ did not arbitrarily discredit claimant's

16    testimony.").  "The clear and convincing [evidence] standard is the most

17    demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995,

18    1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920,

19    924 (9th Cir. 2002)).

20          Here, the ALJ found Plaintiff's medically determinable impairments could

21    reasonably be expected to cause some of the alleged symptoms; however,

Plaintiff's "statements concerning the intensity, persistence and limiting effects of

ORDER ~ 9

these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons.  Tr. 20.

First, the ALJ generally found that Plaintiff "testified that his bipolar and social anxiety were most severe and affected his work from 2014 until the present. Yet, earning records show his salary was the greatest in 2014." Tr. 21.  Generally, the ability to work can be considered in assessing credibility.  *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1227 (9th Cir. 2009); *see also* 20 C.F.R. § 404.1571 (employment "during any period" of claimed disability may be probative of a claimant's ability to work at the substantial gainful activity level).  However, "occasional symptom-free periods – and even the sporadic ability to work – are not inconsistent with disability."  *Lester*, 81 F.3d at 833); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed,* that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment.").  Moreover, Plaintiff's alleged onset date of disability is April 8, 2015, and, as acknowledged by the ALJ, Plaintiff "quit work at the credit union in April [2015] because he was having 'total breakdowns' weekly." Tr. 21.  Thus, Plaintiff's work history and earnings in 2014, prior to his onset date of disability, is of limited probative value. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Turner*, 613 F.3d at 1224.  For all of these reasons, Plaintiff's ability to work prior

to her alleged onset date was not a clear and convincing reason, supported by substantial evidence, for the ALJ to reject Plaintiff's symptom claims

Next, the ALJ found that while Plaintiff "testified he provides minimal care [for] his children with whom he lives," but the record "indicates he is a caretaker for his children" including a toddler and a child with ADHD.  Tr. 23.  A claimant need not be utterly incapacitated in order to be eligible for benefits.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities . . . does not in any way detract from her credibility as to her overall disability."). Regardless, even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1113. In support of this finding, the ALJ cited multiple reports by Plaintiff, across the relevant adjudicatory period, that he was staying home and taking care of his kids, including his young daughter.  Tr. 23 (citing Tr. 311, 315, 380, 400, 450).

However, as noted by Plaintiff, the ALJ failed to consider Plaintiff's consistent reports that he only cared for his young daughter "until his wife returns home from work around 1 pm" so the kids "are only awake for a few hours without [his wife] there, "he doesn't take care of them very long [himself]," he doesn't leave the house with his daughter, when he is home with them they "don't do much," and he gets help from the neighbor when he needs help with the kids.  Tr. 23, 49-53, 80-81, 242, 400; *See Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir.

ORDER ~ 11

2017) ("the mere fact that she cares for small children does not constitute an adequately specific conflict with her reported limitations.").  Moreover, the records cited by the ALJ in support of this finding also include objective findings that Plaintiff had constricted affect, depressed mood, chronic thoughts about death, fair attention, fair impulse control, tentative thought processes, memory problems, and slightly decreased psychomotor activity.  Tr. 313, 380, 401, 451.  Based on the foregoing, while it was reasonable for the ALJ to consider Plaintiff's daily activities, the Court finds that Plaintiff's limited care for his own children does not rise to the level of a clear and convincing reason, supported by substantial evidence, for the ALJ to reject Plaintiff's symptom claims.

Finally, the ALJ found Plaintiff's alleged "mental health complaints are out of proportion to the objective medical evidence of record."  Tr. 21.  In support of this finding, the ALJ noted that records in 2016 and 2017 showed "progressive improvement in symptoms."  ECF No. 22-23.  Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). However, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence.  *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601.  Here, the ALJ set out, in detail, the medical

ORDER ~ 12

evidence purporting to contradict Plaintiff's claims of disabling mental limitations, including treatment notes that noted Plaintiff was less angry and anxious; had normal memory; was linear and goal oriented; was cooperative, alert, and oriented; had good eye contact, and demonstrated the ability to attend and maintain focus; and experienced improvement in his symptoms after adjustments to his medications.  Tr. 21-23 (citing Tr. 308-15, 367-69, 380, 394, 397, 400, 403, 407-11, 413-14, 443, 445, 449-51).

Plaintiff argues that the ALJ fails to consider objective findings across the relevant adjudicatory record, including records contemporaneous with Plaintiff's self-reports of "improvement" with medication, that indicate Plaintiff was depressed, moderately dysphoric, had constricted affect, had severe ruminations and obsessions, presented with passive suicidal ideation, had only "fair" insight and judgment, had decreased psychomotor activity, had impaired concentration and memory, was hypoactive, was fatigued, entered manic phases, had poor eye contact, and had anxious affect.  ECF No. 10 at 10-15 (citing Tr. 308-10, 313, 315, 345, 367-69, 376, 380, 392 (had angry outburst at appointment and left before seeing doctor), 394, 397-98, 416, 419-20, 443-44, 447-48, 451, 472-73).  It is also notable that Plaintiff was involuntarily detained as a danger to himself in February 2016 (Tr. 322), and as noted by Plaintiff, "[n]o treating or examining source has ever opined that [Plaintiff] 'improved' beyond the point of disabling limitations." ECF No. 10 at 11-14.  Finally, as noted by Plaintiff, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective

ORDER ~ 13

evidence of record, including evidence of intermittent improvement in Plaintiff's symptoms, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell*, 947 F.2d at 346-47. As discussed in detail above, the additional reasons given by the ALJ for discounting Plaintiff's symptom claims were legally insufficient. Thus, the lack of corroboration by objective evidence cannot stand alone as a basis for a rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate.

For all of these reasons, the ALJ's rejection of Plaintiff's symptom claims is not supported by clear and convincing reasons, and must be reconsidered on remand.

**B. Additional Assignments of Error**

Plaintiff also challenges the ALJ's failure to consider treating psychiatrist Dr. John Wey's opinion because it was submitted less than five business days before the scheduled hearing date. ECF No. 10 at 3-7. However, as discussed above in detail, the case must be remanded for reconsideration of Plaintiff's symptom claims; thus, it is unnecessary for the Court to address this challenge in detail, because the ALJ is instructed to reconsider Plaintiff's symptom claims and the remaining steps in the sequential analysis, including evaluation of Dr. Wey's opinion as part of the medical opinion evidence. In addition, Plaintiff challenges the ALJ's consideration of the lay witness statement, and the ALJ's conclusions at

ORDER ~ 14

step five.  ECF No. 10 at 17-20.  Because the analysis of these questions is
dependent on the ALJ's evaluation of Plaintiff's symptom claims, which the ALJ is
instructed to reconsider on remand, the Court declines to address these challenges
here.  On remand, the ALJ is instructed to conduct a new sequential analysis after
reconsidering Plaintiff's symptom claims.

## REMEDY

The decision whether to remand for further proceedings or reverse and
award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,
888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate
where "no useful purpose would be served by further administrative proceedings,
or where the record has been thoroughly developed," *Varney v. Sec'y of Health &
Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by
remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280
(9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a
district court may abuse its discretion not to remand for benefits when all of these
conditions are met).  This policy is based on the "need to expedite disability
claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that
must be resolved before a determination can be made, and it is not clear from the
record that the ALJ would be required to find a claimant disabled if all the
evidence were properly evaluated, remand is appropriate.  *See Benecke v.
Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172,
1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ should reconsider Plaintiff's symptom claims. In addition, the ALJ should reevaluate all of the relevant medical opinion evidence, the lay witness statement, and the remaining steps in the sequential analysis. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. The ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2.  Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to

counsel.  Judgement shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 4, 2020.

_s/Fred Van Sickle_
Fred Van Sickle
Senior United States District Judge
